(91 South. 430)

No. 25136.

**STATE v. FRUSHA.**

(March 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **False pretenses ⬤▭11 — "Property" within confidence game statute defined.**

"Property" within Act No. 43, § 1, of 1912, denouncing the obtaining of "money or property" by means of the confidence game, is any object of value that a person may lawfully acquire and hold, or any valuable interest therein or thereto; the word being given its ordinary and not a limited or restricted meaning.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

2. **False pretenses ⬤▭11—Obtaining of a renewal of a loan held not the obtaining of "money or property" within confidence game statute.**

The obtaining of a renewal of a loan *held* not the obtaining of "money or property" within in Act No. 43, § 1, of 1912, denouncing the obtaining of "money or property" by the confidence game.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Thos. F. Porter, Jr., Judge.

Louis Frusha was informed against for having obtained, and for having attempted to obtain, money and property by means of the confidence game. Defendant's motion to quash the bill of information was sustained, and the State appeals. Affirmed.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Jr., Dist. Atty., and Mark C. Pickrel, Asst. Dist. Atty., both of Lake Charles (T. Semmes Walmsley, of New Orleans, and Thos. Arthur Edwards, of Lake Charles, of counsel), for the State.

Ped C. Kay, of De Ridder, and Cline & Plauche, of Lake Charles, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

OVERTON, J. Defendant is charged by bill of information with having obtained, and with having attempted to obtain, money and property from the New Orleans Cattle Loan Company by means of the confidence game.

The means that he is charged with having resorted to, in order to obtain, and in the attempt to obtain, the money and property of the company mentioned, are fully set out and detailed in the bill of information. It is unnecessary to mention them further than to refer to them incidentally, as they are not involved in the determination of the cause.

That which defendant obtained, by the fraudulent means alleged, as appears from the bill of information, was the renewal of a loan previously made him by the New Orleans Cattle Loan Company, which, with accrued interest, amounted to $66,952.58.

Defendant filed a motion to quash the bill of information on two grounds, one of which is that it does not charge him with any crime

STATE v. FRUSHA

known to the laws of the state of Louisiana. The reason why it is urged that the bill charges no crime, we learn from defendant's brief, is that a renewal of a loan is neither property nor money, within the meaning of the law, denouncing the confidence game; and therefore, as that law makes it essential that there must be either an obtaining or an attempt to obtain money or property, there is no crime charged.

The learned trial judge maintained the motion to quash on the above ground, and the state has appealed.

The prosecution is under Act No. 43 of 1912, section 1 of which reads:

"Every person who shall obtain or attempt to obtain from any other person, or persons any money or property, by means or by use of any false or bogus checks, or by any other means, instrument or device, commonly called the confidence game, shall be imprisoned with or without hard labor for not less than three months nor more than five years."

Section 2 of the act prescribes the manner of charging the offense; and section 3, which is the last section, preserves intact the laws denouncing the obtaining of money or property under false pretenses, larceny, embezzlement, forgery and publishing as true a forged instrument.

[1] The word "property" in the above statute should be given its ordinary meaning, that is, any object of value that a person may lawfully acquire and hold, or any valuable interest therein or thereto. It should not be given a limited or restricted meaning.

In the state of Illinois, there is a statute, enacted prior to ours, denouncing the offense of obtaining money or property by means of the confidence game. The definition of the crime, as given in that statute, is identical with the definition as given in ours, which shows the likelihood that the definition in ours is traceable directly or indirectly to that statute. In People v. Miller, 278 Ill. 490, 116 N. E. 131, L. R. A. 1917E, 797, the Supreme Court of that state, in interpreting the word "property," as used in that statute, in passing upon the question as to whether a draft constituted property, within the meaning of that word, as there used, thought that the word should be given its full signification, and not restricted to the definition of property, as known at common law, in relation to larceny.

[2] While we are of the opinion that the word should be given a reasonably full interpretation, for there is nothing in our statute that indicates that the word is there used in a restricted sense, yet nevertheless, in so interpreting it, we are not of the opinion that the obtaining of a renewal of a loan is the obtaining of money or property. While thereby defendant obtained time within which to meet his obligation to pay the principal and interest, yet he did not obtain any interest in or to the money itself. All that he obtained was further time within which to pay, and that is not property, within the meaning of the statute.

The case of State v. Theriot, reported in 139 La. at page 741, 72 South. 191, L. R. A. 1916F, 683, is not applicable to the question here under consideration. In that case, Theriot obtained the indorsement of another on a promissory note by fraudulent means. Therefore the case is easily differentiated from the case at bar. Moreover, the question as to whether the obtaining of the indorsement was the obtaining of property was neither urged nor decided.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby affirmed.