ODOM, J.
 

 Defendants were indicted under section S13 of the Revised Statutes for obtaining by false pretenses “credit from the Guaranty Bank & Trust Company in the sum of sixteen thousand dollars by falsely representing that a certain chattel mortgage note dated .Tune 2, 1930, signed by H. B. Curry & Company, Inc., by H. B. Curry was a note of value .and secured by a chattel mortgage on a certain lot of lumber at Comrade, Louisiana, when in truth and in fact the lumber was of no value, and that said bank relied upon said false representation in extending the said credit.”
 

 Defendants, through counsel, filed a motion for a bill of particulars asking to be informed “as to the following matters and things, to wit”:
 

 (1) What credit was granted at the time the alleged pretenses were made, or had the credit been granted prior' to said time?
 

 (2) If the credit was represented by a note secured by chattel mortgage, whether the note so secured was an original or a renewal note?
 

 (3) Was any money or property or any thing of value delivered to defendants at the time said alleged pretenses were made? “If so, what?”
 

 The district attorney in answer to this motion said:
 

 (1) “The renewal of a balance of sixteen thousand ($16,000) dollars due on note originally in the sum of $17,908.42 was obtained. This was made in the form of a new note, at which time the defendants represented that the lumber securing the note which was security for this loan was then at the place represented by the chattel mortgage securing the collateral or security note.”
 

 (2) “There is attached hereto and made a part hereof a detailed statement showing the beginning of the transaction which resulted in the present charge against the defendants, the various dates when renewals were made, additional credit secured, by what security the said loans were secured, the various payments thereon, and in fact giving a complete history of the transaction.”
 

 The detailed statement attached shows that on October 18, 1929, defendants executed in favor of the bank their note for $11,359.53,
 
 *347
 
 secured by chattel mortgage note for a like amount, and that on October 21, 1929, they executed another note for $7,793.90, also secured by chattel mortgage note for a like amount. On December 24, 1929, they paid $1,245.01 on the first above note, leaving a balance of $10,114.52 due thereon, and this note which fell due on February 8, 1930, was renewed and extended to June 8,1930.
 

 The note for $7,79.3.90, which fell due on February 21, 1930, was on that date renewed and extended to June 24, 1930.
 

 On June 7, 1930, the notes as renewed and extended were merged into one note for $17,-908.42, this being the total amount due on that date. This note was secured by “chattel mortgage note of H. B. Curry Lumber Company, dated June 2, 1930 for $17,908.42, chattel mortgage note due on demand.”
 

 The remaining portion of the statement reads as follows:
 

 “The $18,908.42 note was due on October 7, 1930. Payment $1,908.42 made September 30, 1930 to apply on note due October 7, 1930, for $17,908.42, after applying this payment to the note would leave a balance due of $16,000, due October 7, 1930.
 

 “On October 8, 1930, this note of $16,000.00 was renewed for like amount due February 8, 1931, secured by same chattel mortgage of H. B. Curry Lumber Company for $17,908.42.”
 

 After the district attorney filed the above answer to the motion for a bill of particulars and said statement of the transactions which defendants had with the bank, defendants, through their counsel, moved to quash the indictment on the grounds “that said indictment does not denounce any offense known to the laws of the state of Louisiana * * * that said indictment does not denounce the crime of false pretenses.”
 

 The motion to quash was sustained and the state appealed.
 

 1. The judgment is correct. Conceding that these defendants did represent to the bank on October 8, 1930, that the note of H. B. Curry & Co., which they had previously pledged as collateral for a loan secured from the bank “was a note of value and secured by a chattel mortgage on a lot of lumber,” and that said representations were false, they are not guilty of the crime denounced by section 813 of the Revised Statutes, which reads as follows:
 

 R. S. § 813. “Whoever, by any false pretense, shall obtain, or aid and assist another in obtaining, from any person, money or any property with intent to defraud him of the same, shall, on conviction, be punished by imprisonment at hard labor or otherwise, not exceeding twelve months.”
 

 To commit the crime denounced by this statute, one must obtain, by false pretense, money or property from another with intent to defraud him of the same. The statute so provides in plain language. According to the indictment, as amplified by the bill of particulars in this case, these defendants, by means of alleged false pretenses, obtained “the renewal of a balance * * * due on a note * * * made in the form of a new note.”
 

 The statement shows that on October 7, 1931, they owed the bank $16,000, evidenced by a note for that amount, secured by the pledge of a chattel mortgage note of II. B. Curry Lumber Company for $17,908.42, and
 
 *349
 
 that on the following day, the 8th, “this note was renewed for a like amount due February 8, 1981, secured by the same chattel mortgage.”
 

 In sum, what the state charges is that defendants, by representing that the chattel mortgage note which they had already pledged as collateral to secure their personal note was “a note of value and secured by a chattel mortgage,” obtained a renewal of their personal note for $16,000. It is not suggested, nor can the inference be drawn, that they obtained “money or any property” by making the alleged false pretenses on October 8,1930.
 

 They had obtained fro'rn the bank in the aggregate $19,153.43. But this amount was represented by two loans, one made on October 8, and the other on October 21, 1929. It is not charged that they made false representations in order to obtain this money. The alleged false representations were made practically one year after the money was obtained.
 

 If the indictment charged that defendants by false pretenses obtained the amount of money evidenced by their note, the indictment would be good. But to violate the statute, one must obtain by false pretenses something of value which has a physical attribute, such as money or a chattel, or something more than a mere pecuniary advantage.
 

 The privilege of having a note renewed or the time of its payment extended may be and frequently is a valuable one to the debtor. But such privilege or advantage is neither money nor property in the sense those terms are ordinarily used and understood.
 

 “Money” is the medium of exchange recognized by the laws of the country. “Property,” as that term is used in this statute, means worldly goods or possessions, tangible things, and things which have .an ex-changable or commercial value. The words “money” and “property,” as used in this statute, must be given the meaning which they are ordinarily understood to have. Oiv. Code, art. 14.
 

 Act No. 43 of 1912 makes it unlawful for any person to obtain from another “any money or property” by means commonly called the “confidence game.” In State v. Frusha, 150 La. 995, 91 So. 430, 431, 24 A. L. R. 394, the charge against the defendant was that he had obtained or attempted to obtain “money or property by means of the confidence game.” That which the defendant in that case obtained by the alleged fraudulent means “was the renewal of a loan previously made him by the New Orleans Cattle Loan Company.”
 

 It was there contended that “a renewal of a loan is neither property nor money, within the meaning of the law,” and that contention was sustained by the court, which said:
 

 “The word ‘property’ in the above statute should be given its ordinary meaning, that is, any object of value that a person may lawfully acquire and hold, or any valuable interest therein or thereto. It should not be given a limited or restricted meaning.”
 

 The circumstances as well as the issue of law there raised were identical with those here involved. In that case the defendant was charged with having obtained money and property from another by means of the confidence game. Here the defendants are charged with having obtained money or property by false pretenses. There, as here, what the defendant obtained was “the renewal of
 
 *351
 
 a loan previously made him.” The contention there made was that the renewal of a loan is neither money nor property, and that •contention was sustained. The same contention is here made, and we sustain it.
 

 A similar ruling was made by the Supreme •Court of Kansas in the case of State of Kansas v. Ansel Tower, 122 Kan. 165, 251 P. 401, 52 A. L. R. 1160.
 

 The judgment is affirmed.