LAND, Justice.
 

 The district attorney filed a bill of in- , formation against defendant charging, in separate counts, that defendant obtained from the Louisiana Highway Commission money and property in the sum of $75 by means of (1) false pretenses, and (2) through “the confidence game.”
 

 In response to a bill of particulars, asked for by counsel for defendant, the district attorney filed the following amplification to the information: “That one Sye Varnell,
 
 with paint
 
 furnished by Bruce Smith (defendant)
 
 and not by the Commission, painted
 
 the residence and improvements of the said Bruce Smith, and that Bruce Smith did thereby
 
 obtain labor,
 
 of Sye Varnell, required to perform such work, without cost to him, the said Bruce Smith; that Sye Varnell was, during the time in which he painted said house and improvements, an employee of the Louisiana Highway Commission, and whose duties were to work on the public highways, roads and bridges in the maintenance district of the State, of which Bruce Smith was superintendent and general foreman,
 
 and that said Sye Varnell was paid by the Louisiana Highway Commission,
 
 during the time in which he painted said house and improvements, as if he had been working during said period of time, for said Louisiana Highway Commission on said highways, roads and bridges, all as will be shown by payroll records and vouchers of said Commission. That the said
 
 Bruce Smith, by means of the pretenses and representations set out in the information, received only the labor, being of pecuniary value, and did not receive any money or property himself from said Commission in this respect,
 
 but that the said Highway Commission
 
 did pay Sye Varnell money, as an employee of said Commission,
 
 during said interval of time under the impression and belief that such payment of money was due Sye Varnell for work done for said Commission.
 

 "That the thing actually received by said Bruce Smith was labor performed by Sye Varnell, and not tangible property, chattels or money;
 
 that the Louisiana Highway Commission, on the other hand, parted with money
 
 which it paid to the said Sye Varnell,
 
 under the circumstances herein set put and otherwise appearing from the particulars, and not conclusions, alleged in the bill of information.” (Italics ours.)
 

 After the bill of particulars was filed, the defendant presented a motion to quash both counts in the information on the grounds: “That under the state of facts as shown in said bill of information defendant obtained neither money or property under false pretenses or through a confidence game as contemplated in said acts; that the facts as set forth in said bill of information do not present an offense within the meaning of the acts denouncing the crime of obtaining money and property by false pretenses or obtaining money or property by means of
 
 *788
 
 the confidence game or any other offense known to the criminal laws of the State of Louisiana; that said bill of information should be quashed and defendant’s bond cancelled and he be relieved from further appearances hereunder.”
 

 The motion to quash was sustained by the judge a quo, and the State has appealed to this court from this judgment.
 

 (1). Defendant stands charged under the following statutes:
 

 R.S. § 813. “Whoever, by any false pretence, shall obtain, or aid or assist another in obtaining, from any person,
 
 money or any property,
 
 with intent to defraud him of the same, shall, on conviction, be punished by imprisonment at hard labor or otherwise, not exceeding twelve months.” (Italics ours.)
 

 Act 43 of 1912, § '1. “Every person who shall obtain or attempt to obtain from any other person,, or persons
 
 any money or property,
 
 by means or by use of any false or bogus checks, or by any other means, instrument or device, commonly called the confidence game, shall be imprisoned with or without hard labor for not less than three months nor more than five years.” (Italics ours.)
 

 In the statement of facts filed by the district attorney in response to the motion for bill of particulars, the following statement is made: “That the said Bruce Smith (defendant) * * * received only the labor, being of pecuniary value,
 
 and did not receive any money or property himself
 
 from said Commission in this respect.” (Italics ours.)
 

 In our opinion, this admission by the district attorney that defendant did not receive “any money or property” from the Highway Commission is an admission on the part of the State that bars any prosecution under the statutes. After having admitted in his statement of facts that defendant did not receive property or money, the district attorney seeks to convince the court that defendant did receive a . kind of money or property, to-wit, labor or personal services of an employee of the Highway Commission. But this court set its face against such an interpretation in State v. Eicher et al., 174 La. 344, 140 So. 498.
 

 In the Eicher case, it is said by the court at page 348 of 174 La., at page 499 of 140 So.: “According to the indictment, as amplified by the bill of particulars in this case, these defendants, by means of alleged false pretenses, obtained ‘the renewal of a balance * * * due on a note * * * made in the form of a new note.’ ”
 

 The indictment was quashed in the lower court and the judgment was affirmed by this court.
 

 It is further .said in the Eicher case by the court at pages 349, 350 of 174 La., at page 499 of 140 So.: “If the indictment charged that defendants by false pretenses obtained the amount of money evidenced by their note, the indictment would be good. But to violate the statute, one miist obtain by false pretenses
 
 something of value which has a physical attribute, such as money or, a
 
 
 *790
 

 chattel,
 
 or something
 
 more than a mere pecuniary advantage.
 

 “The privilege of having a note renewed or the time of its payment extended may' be and frequently is
 
 a valuable one
 
 to the debtor. But such privilege or advantage
 
 is neither money nor property
 
 in the sense those terms are ordinarily used and understood.
 

 “ ‘Money’ is the medium of exchange recognized by the laws of the country. ‘Property,’ as that term is used in this statute [R.S. § 813], means
 
 worldly goods or possessions,
 
 tangible things, and things which have an exchangable or commercial value. The words ‘money’ and ‘property,’ as used in this statute, must be given the meaning which they are
 
 ordinarily
 
 understood to have. Civ. Code, art. 14
 

 “Act No. 43 of 1912 makes it unlawful for any person to obtain from another ‘any money or property’ by means commonly called the ‘confidence game.’ In State v. Frusha, 150 La. 995, 91 So. 430, 431, 24 A.L.R. 394, the charge against the defendant was that he had obtained or attempted to obtain ‘money or property by means of the confidence game.’ That which the defendant in that case obtained by the alleged fraudulent means ‘was the renewal of a loan previously made him by the New Orleans Cattle Loan Company.’
 

 “It was there contended that ‘a renewal o.f a loan is neither property nor money, within the meaning of the law,’ and that contention was sustained by the court, which said:
 

 “ ‘The word “property” in the above statute should be given
 
 its ordinary meaning,
 
 that is,
 
 any object of value
 
 that a person may lawfully
 
 acquire and hold,
 
 or any valuable interest
 
 therein or thereto.
 
 It should not be given a limited or restricted
 
 meaning.’ ”
 
 (Italics ours.)
 

 The labor, or personal services, which defendant is charged with obtaining in this case did not constitute
 
 "worldly goods or possessions”
 
 or “tangible things”; nor were such services an
 
 "object of value
 
 that a person may lawfully
 
 acquire and hold,
 
 or any valuable interest
 
 therein or thereto.”
 
 Such personal services obtained by defendant in this case, by alleged false pretenses and by alleged means of “the confidence game,” clearly do not fall within the ordinary meaning of the word “property,” as defined by this court in the Eicher case and in the Frusha case. To these decisions this court resolutely adheres.
 

 There is no criminal statute in Louisiana under which a person can be charged and convicted of obtaining “personal services” through false pretenses, or by means of “the confidence gfime.” Nor has the Legislature heretofore adopted any statute denouncing as a crime conspiracy to defraud the State, or any of its agencies.
 

 Our conclusion is that the judgment quashing the information herein filed against defendant, and appealed from by the State, is correct.
 

 Judgment affirmed.
 

 O’NIELL, C. J., dissents.