**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Richard ROBINSON,
Defendant–Appellant.**

**No. 50922.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 10, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 1988.

Application to Transfer Denied
July 26, 1988.

Allen I. Harris, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Richard Robinson, appeals from his conviction, after a jury trial, of kidnapping. He was sentenced as a persistent offender to imprisonment for fifteen years. We reverse and remand.

In his sole point on appeal, defendant, a black male, alleges the trial court erred by failing to discharge the jury when the State used its peremptory challenges to strike black venirepersons in violation of defend-

ant's fourteenth amendment right to equal protection of the law under the Constitution.

▆ When this appeal was first lodged in this court, we examined the record and concluded that defendant's claim of error was properly preserved for appeal. We remanded the case to the trial court to conduct an evidentiary hearing to determine the validity of defendant's constitutional claim under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Pursuant to *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987), we directed the trial court to render and certify to this court findings of fact and conclusions of law, after a hearing, on whether defendant had established a prima facie case of racial discrimination and whether the State had presented a neutral explanation for using its peremptory challenges to strike black venirepersons. On remand the trial court complied with the directive of this court. We now proceed with the disposition of defendant's appeal.

At the hearing on the *Batson* issue, defense counsel testified as to the racial composition of the jury panel. After reviewing his notes taken during voir dire, defense counsel testified that the State had stricken the only three black members on the twenty-seven member venire leaving an all white jury. The prosecutor testified that he had no independent recollection of the racial makeup of the panel, the reasons that he struck any of the jurors, or that defendant was tried before an all white jury.

The experienced trial judge found that "[d]efendant established a prima facie conclusion of purposeful discrimination based on race" and that "[t]he State failed to rebut the conclusion." On appeal we give great deference to the trial court's findings of fact which will not be set aside unless they are clearly erroneous. *Antwine* at 66.

▆ The State first argues that by failing to file a transcript of the voir dire in this case the defendant is precluded from relief because of an incomplete record on appeal. Clearly, the burden is on the defendant, as an appellant, to file a complete

transcript on appeal. *State v. Grainger*, 721 S.W.2d 237, 239 (Mo.App.1986). Rule 30.04(a) provides that the transcript shall include "all of the record, proceedings and evidence necessary to the determination of all questions presented." *Id.*

In *State v. Wilson*, 750 S.W.2d 560 (E.D. Mo.App.1988), the defendant argued a *Batson* violation, but failed to file a transcript of the voir dire *or* the *Batson* hearing on appeal. We held that defendant's complaint was foreclosed because of his failure to provide a record of the proceedings. *Wilson*, at 562–63.

Likewise, in *State v. Reynolds*, 753 S.W.2d 1 (Mo.App.1988), we held that defendant, who alleged a *Batson* violation, failed to present a proper record on appeal because he failed to provide this court with a transcript of the *Batson* hearing. We therefore declined to review defendant's claim on appeal. *Reynolds*, at 3.

In this case, unlike both *Wilson* and *Reynolds*, defendant provided a transcript of his *Batson* hearing. From the transcript it is clear that the prosecutor failed to rebut defendant's prima facie case of the State's discriminatory use of peremptory strikes. Filing the transcript of the voir dire was not obligatory because it was not "necessary to the determination of all questions presented." *See* Rule 30.04(a).

▆ The State next argues that defendant failed to prove the race of the jurors who were stricken because of his failure to either file a transcript of the voir dire examination or to subpoena venire members to testify at the hearing. This argument is without merit. Defense counsel testified as to which venire members were black and which were white. The State cites no authority for the proposition that such observations are not admissible as evidence. The trial court assesses the credibility of the witness and it may accept or reject all, part or some of that witness's testimony. *Grommet v. Grommet*, 714 S.W.2d 747, 748 (Mo.App.1986). Our review of the record indicates that the trial court's findings are not clearly erroneous.

The State's final contention that defendant was somehow obligated to prepare a transcript of the voir dire so the prosecutor could use it to refresh his memory is also without merit. The defense is not obligated to prepare the State's case. Both parties had an equal opportunity to prepare for the hearing. If the State had wanted a copy of the transcript it could have ordered one prepared. The State's point is denied.

We affirm the post-trial finding of the trial court that the State failed to rebut the presumption of purposeful discrimination based on race. Accordingly, we reverse the conviction of defendant and remand the case for a new trial.

SIMON, P.J., and GRIMM, J., concur.