**STATE of Missouri, Respondent,**

v.

**Paul and Shirley DAVID, Appellants.**

**No. WD 35666.**

Missouri Court of Appeals,
Western District.

Dec. 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 5, 1985.

Application to Transfer Denied April 30, 1985.

Thomas E. Hankins, Gunn, Hall & Stahl, Gladstone, for appellants.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and DIXON and CLARK, JJ.

CLARK, Judge.

Appellants, husband and wife, were jointly charged, tried and convicted of the offense of felony stealing, § 570.030, RSMo: Supp.1982, and each was sentenced to a term of three years imprisonment. In the dispositive point on this appeal, they contend the state's evidence did not make a case against them for violation of the criminal statute under which they were charged. Reversed.

The following are the facts of the case construed most favorably to the state and granting the state the benefit of all favorable inferences. *State v. Franco*, 544 S.W.2d 533 (Mo. banc 1976), *cert. denied*, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275

(1977). Appellants operate a business known as Holt County Farm Supply. One of the aspects of appellants' business is a service to farmers in which appellants provide marketing for grain crops. One Rodney Wales had been a customer of appellants in the past and in July, 1983, he engaged appellants to haul and sell a quantity of corn. The practice in such transactions was for appellants to load the grain, transport it to an elevator and sell it as property belonging to Holt County Farm Supply. Upon receipt of payment, appellants would then settle with the farmer based on the price obtained. For reasons not fully explained in this record, a sale under appellants' name as the transporter of the produce yielded a slightly higher price which appellants then passed on to the farmer. Prior transactions of this nature between appellants and Wales had been without untoward incidents.

In August, 1983, Wales engaged appellants to haul and sell a quantity of soybeans. The first quantity was loaded, hauled and sold to Far-Mar-Co August 4, 1983. Appellants received payment by checks issued to their order in the total sum of $15,504.18. The checks were deposited to the Holt County Farm Supply account and thereafter, appellants issued Wales a check in like amount.

On August 5, 1983, additional beans of Wales were similarly loaded, hauled and sold by appellants, in this instance to Bartlett and Company. The price paid by Bartlett was $7.46 per bushel for a total amount of $7,247.38. Again, the payment check was made out to Holt County Farm Supply and was deposited to their bank account. It is this latter sale of soybeans which gave rise to the criminal charge.

Apparently, some problem existed with the condition of the beans which had been in storage for a period of time and had suffered some deterioration. After the sale, appellants told Wales the beans had been sold under a lower grade because of their condition and the price obtained had been $3.50 a bushel. This representation was false and understated the actual price

by $3847.16. Appellants settled with Wales on the lower price. The gist of the charge against appellants was that they appropriated currency in the sum of $3847.16 owned by Rodney Wales by deceit. That appropriation occurred, according to the prosecution, when appellants gave their check to Wales for less than the amount due but represented the accounting to be in full.

Section 570.010.3, RSMo.Supp.1982 states that "appropriate" for purposes of the stealing statute means to take, obtain, use, transfer, conceal or retain possession of property of value. The question here is whether appellants appropriated the property of Wales when they retained a portion of the sale price realized for the beans and paid Wales less than the amount received.

This question was considered in a broad context in the case of *State v. Hardin,* 627 S.W.2d 908 (Mo.App.1982). There, Hardin had entered into an agreement with parties named Cridlebaugh to sell them a truck and received from them checks totaling $16,000.00. Cridlebaughs never obtained title to the truck and after some discussions, Hardin agreed to refund the payment in exchange for return of the truck. Hardin gave the Cridlebaughs his check for $16,000.00. When the check was deposited, however, it was returned because Hardin had stopped payment. In fact, Hardin's bank account had a balance of less than $200.00. The charge against Hardin was for violation of § 570.030 in the appropriation of $16,000.00, the property of Cridlebaughs, by deceit in issuance of the check with intent that it not be honored.

The court observed in *Hardin* that the appropriation by retaining possession as defined in § 570.010(3) speaks to embezzlement or fraudulent conversion where an agent, bailee, fiduciary or other person entrusted with possession of property of another converts the property to his own use. When the course of dealings between parties gives rise to a debtor-creditor relationship, the failure of the debtor to account to his creditor is insufficient to support a criminal prosecution. Hardin was, in this

instance, no more than debtor to the Cridle-baughs and his issuance of a worthless check on which he intended to and did stop payment did not result in commission of the offense of stealing.

The *Hardin* case was cited by the Southern District in the more recent case of *State v. Neal*, 680 S.W.2d 310 (Mo.App. 1984). There, Neal obtained a sum of cash from an undercover patrol officer for the ostensible purchase of drugs. The understanding was that Neal would return in thirty or forty minutes with the merchandise at which point, the trooper apparently intended to make the arrest. Neal, however, did not return and he was later apprehended and charged with stealing the purchase money. The court held there was no stealing, merely a failure to perform the purchase and sale agreement and a failure of the debtor to account. This concept of separating criminal and civil cases was succinctly stated in the early case of *State v. Claybaugh*, 138 Mo.App. 360, 122 S.W. 319, 321 (1909), cited in *Hardin*, where it is said: "The criminal courts are neither a collection agency nor a forum for the trial of mere disputes over the ownership of property."

In the present case, Wales delivered his soybeans to appellants with the full understanding and knowledge that appellants had authority to sell the beans as their own and receive payment from the elevator. From past transactions, Wales also was aware that his payment for the value of the beans would come from appellants and not from the grain elevator dealer. Thus, when appellants were paid by Bartlett, they rightfully took the money as their own, subject only to a general debt to Wales for the balance they owed him. There was no appropriation of currency belonging to Wales, within the scope of § 570.030 as the information charged, only a failure by appellants to satisfy the full extent of their debt to Wales arising out of the transaction. Notwithstanding the false representation to Wales that the beans had sold for a lower price, appellants' conduct did not offend against the criminal statute under which they were prosecuted.

As a consequence of disposition of this point, no discussion of other points set out in appellants' brief is necessary. The judgment and sentences are reversed and appellants are ordered discharged.

All concur.