**STATE of Missouri, Respondent,**

v.

**Frank Reed GRAINGER, Appellant.**

**No. WD 37629.**

Missouri Court of Appeals, Western District.

Dec. 16, 1986.

Raymond R. Calkins, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, Deborah L. Ground, Special Asst. Atty. Gen., Parkville, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The appellant Grainger was convicted of stealing property by deceit under § 570.030 RSMo Supp.1984, fined $5,000 and sentenced to thirty days in jail. On appeal, Grainger claims there was insufficient evidence to establish a violation of the statute.

The facts are considered in the light most favorable to the state and are as follows. *State v. Franco*, 544 S.W.2d 533, 534 (Mo. banc 1976), cert. denied, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977). In 1977, Grainger obtained an unsecured loan for

$5,000 from Wellington Bank, now the Lafayette County Bank. Grainger filed a financial disclosure statement with the bank before the loan was approved. The annual filing of a financial statement for any unsecured loan over $1,000 was required by both federal bank examiners for F.D.I.C. insurance and the Missouri Commissioner of Finance.

On January 16, 1982, Grainger filed another financial disclosure statement with Lafayette. Grainger listed as assets in the statement two parcels of real estate worth $130,000 and $125,000. Evidence adduced at trial showed that Grainger did not own this property. Grainger's listed liabilities were also incorrect. He claimed liabilities totaling $52,622.30 but failed to include eleven outstanding loans from other banks. These excluded loans totaled more than $107,000 and were obtained by Grainger through the filing of false financial statements. Lafayette County Bank was unaware of the inaccuracies in Grainger's 1982 financial statement.

The $5,000 loan obtained by Grainger in 1977 had a remaining balance of $698.14 in 1982 and was due to mature on June 25, 1982. Grainger requested the loan be renewed. Lafayette reviewed Grainger's 1982 financial statement to see if Grainger's financial status justified a renewal. The bank concluded Grainger's financial statement reflected an adequate net worth and renewed the loan on June 25, 1982. Grainger subsequently went bankrupt and Lafayette, upon obtaining a copy of the bankruptcy petition, learned that Grainger's 1982 financial disclosure statement was false.

Grainger was then charged with stealing by deceit property worth $150 or more under § 570.030 RSMo Supp.1984. The amended information alleged that on June 25, 1982 Grainger deceitfully appropriated property belonging to Wellington Bank by retaining possession of that property through the January 16, 1982 filing of a false financial disclosure statement. Grainger was convicted and in his appeal,

claims his conduct is not proscribed by the statute.

The essential elements of felony stealing under § 570.030 are (1) an appropriation (2) of property or services (3) of another (4) with the purpose to deprive the other thereof, accomplished (5) either without the other's consent or by deceit or coercion. *State v. Hardin*, 627 S.W.2d 908, 910 (Mo.App. 1982). Section 570.010.3 RSMo Supp.1982 defines appropriate as to take, obtain, use, transfer, conceal or retain possession of property of value. *State v. David*, 687 S.W.2d 571, 572 (Mo.App.1984). To violate the statute on June 25th, Grainger must have by filing a false statement of financial condition, appropriated property by either deceitfully obtaining or deceitfully retaining possession of property belonging to another.

■ There was no appropriation on June 25 by obtaining the property of another. Grainger did not obtain any property or money on that date. All he received was an extension of time to pay off his debt. The bank renewed his loan and Grainger was relieved of the then present obligation to repay the debt balance. Nothing of value was given by the bank by renewing the loan balance. Although there are no Missouri cases with these same facts, other jurisdictions have reversed convictions when false pretenses induce a bank to renew a loan, because the defendant does not receive anything of value. Having a loan renewed simply does not vest property or money in the defendant. *See e.g. State v. Eicher*, 174 La. 344, 140 So. 498, 500 (1932), *State v. Tower*, 122 Kan. 165, 251 P. 401, 405 (1926). Because Grainger obtained nothing of value, his conduct does not fit within the "obtain" or "take" definition of an appropriation.

■ Neither did Grainger appropriate property by retaining possession of the money loaned after the loan was renewed. This is evident upon examination of *State v. David, supra*, a case which considered what is meant by "retaining possession."

In *David,* the defendants marketed crops for farmers. Wales, a farmer, hired the defendants to haul and sell Wales' soybeans. Upon sale, the defendants would reimburse Wales based on the price obtained. The defendants sold the beans for over $7,000 but told Wales they had sold for a much lower price. The defendants paid Wales nearly $4,000 less than the actual sale price and retained the balance. The defendants were charged under § 570.-030. The state alleged the defendants had improperly retained a portion of the sale price and paid Wales less than what was actually due. The defendants were convicted and they appealed. *Id.* at 572.

The court in *David* observed that an appropriation by retaining possession speaks to an embezzlement or fraudulent conversion. One must be an agent, bailee, fiduciary or other person entrusted with possession of property and convert the property to his own use. Further, "when the course of dealings between parties gives rise to a debtor-creditor relationship, the failure of the debtor to account to his creditor is insufficient to support a criminal prosecution." *Id.* at 572. *See also, State v. Hardin, supra,* at 911–12. In *Hardin* the defendant could not decline title to a truck he sold and was prosecuted when he stopped payment on a check returning the buyer's deposit. The judgment was reversed.

The court in *David* determined that the money received from the soybean sale was the defendant's own, subject only to a general debt owed to Wales. Since the defendants owned the money, they did not appropriate property belonging to another. Thus, the defendants' conduct did not violate the statute and their convictions were reversed.

In the present case, Grainger was not an agent, fiduciary, or bailee and was not entrusted with possession of bank property. The $5,000 loaned to Grainger in 1977 was his money, to use as he wished. The money did not belong to the bank and so Grainger did not retain possession of bank property when his loan was renewed.

Grainger was merely a debtor who obtained an extension of time to pay of his debt. And as stated in *David* and *Hardin,* a debtor's failure to account to his creditor is not enough to support a conviction under § 570.030. Grainger's conduct was not proscribed by the Missouri statute. This court additionally notes that Grainger seems to have violated 18 U.S.C. § 1014 which criminalizes the making of false financial statements to FDIC insured banks such as Lafayette.

In a final point, the state urges dismissal of Grainger's appeal because Grainger did not file a complete transcript with this court. Grainger's transcript omitted the testimony of sixteen of the state's seventeen witnesses. The omitted testimony was critical because it proved that Grainger's financial statement was false. After discovering the omission, the state, at its own expense of $430.50, filed a supplemental transcript which included the deleted testimony. The state seeks dismissal of the appeal or to recoup $430.50.

It is the appellant's duty to file a complete transcript on appeal. *Morovitz v. Morovitz,* 693 S.W.2d 189, 191 (Mo.App. 1985); *State v. Toney,* 680 S.W.2d 268, 277 (Mo.App.1984). Under Rule 30.04(a), the transcript shall include "all of the record, proceedings and evidence necessary to the determination of all questions to be presented." Grainger's abbreviated transcript falls far short of this standard. However, this court declines to take the drastic action of dismissing Grainger's appeal. Rule 30.09(b). A supplemental transcript was before the court and so Grainger's failure to comply with the rules did not hamper review of the merits of the appeal. The better alternative here is to tax the cost of the supplemental transcript to Grainger. Rule 30.09(b), *supra,* provides where a party fails to comply with the rules, and is not excused by the court, the court can dismiss the appeal or take "such other action as justice requires." The state should not have to bear the expense of the extra transcript when Grainger's conduct necessitated the supplement. *Wineteer v.*

*Kite,* 397 S.W.2d 752, 760 (Mo.App.1965). Plus, the supplemental was necessarily and properly before this court. It provided an accurate view of all the facts and evidence where the point on appeal was sufficiency, *cf.* the evidence. Under these circumstances, it is only right that Grainger pay the costs.

The judgment is reversed and the defendant ordered discharged, with costs of $430.50 assessed against the appellant Grainger in favor of the state.

All concur.