**STATE of Missouri, Plaintiff–Appellant,**

v.

**Don Fletcher REED, Defendant–Respondent.**

No. 55069.

Missouri Court of Appeals, Eastern District, Division One.

May 23, 1989.

George R. Westfall, Pros. Atty., James E. Baker, Asst. Pros. Atty., Clayton, for plaintiff-appellant.

Arthur S. Margulis, Stephanie J. Kraus, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

The State of Missouri (State) appeals from the dismissal of an indictment charging defendant, Don Fletcher Reed, with stealing $150 or more by deceit. The case was tried to a jury. The trial court declared a mistrial when the jury was unable to reach a verdict. Thereafter, the trial court, on defendant's motion, entered an order purporting to dismiss the indictment. We remand with directions.

The facts [1] which gave rise to the indictment are that defendant was the principal owner and president of Don Reed Chevrolet, Inc. (dealership). He set up another company, Automark, to buy used automobiles from the dealership. When the dealership found a purchaser for a particular car, Automark sold that car back to the dealership for the amount originally paid to the dealership for the car.

Investors were solicited to provide the necessary capital for Automark. On July 7, 1982, one investor, Daniel Vollmer, loaned Automark $100,000. In return, Vollmer received a promissory note, payable within one year, with interest. Vollmer was given a security interest in the assets of Automark "including but not limited to the inventory of used automobiles."

When the first note matured, Vollmer negotiated a second note on $110,000, $10,000 of which was interest on the first note. On November 8, 1983, defendant obtained a small business administration loan from Landmark Bank. As security, he pledged the entire inventory of used cars for which Automark had already paid dealership and in which Vollmer held a security interest.

When the second note was due, defendant did not have the money to pay the principal amount of Vollmer's note. Vollmer renewed his note in the amount of $110,000, but at an interest rate lower than he had previously received. The promissory note again pledged the used automobiles as security. Before Automark was able to pay any principal on Vollmer's loan, Landmark Bank seized the used car titles.

The final transaction, Vollmer's second loan renewal, formed the basis of defendant's indictment:

> The Grand Jurors of the County of St. Louis, State of Missouri, charges that the defendant in violation of Section 570.030, RSMo, acting with others, committed the class C felony of stealing, punishable upon conviction under Sections 558.011.-1(3) and 560.011, RSMo, in that on or about July 7, 1984, at 12110 Lusher Rd., in the County of St. Louis, State of Missouri, the defendant appropriated $110,000.00 in funds, of a value of at least one hundred fifty dollars, which said property was in the possession of Daniel Vollmer, and defendant appropriated such property from Daniel Vollmer, and with the purpose to deprive him thereof by deceit, to wit: in that defendant, acting with others, purposely represented to Daniel Vollmer that should Automark, Inc., be allowed to retain his investment of $110,000.00 for another year that the investment would be secured by an inventory of used cars, and defendant knew this representation to be false when it was made and Daniel Vollmer relied upon this representation in allowing Automark, Inc., to retain his investment.

A review of the procedural history of this case indicates that defendant initially filed a motion to dismiss the indictment. Each party filed a "stipulation" of the evidence. We note that the stipulation was not, in reality, a set of stipulated facts but rather consisted of what each party believed its evidence to be. Defendant's motion to dismiss was overruled.

---

1. These facts are derived from the evidence adduced at defendant's jury trial. The relevance of these facts to this appeal is unclear at this time and depends upon whether the trial court considered such facts in making its ruling.

Later, prior to trial before a different judge, defendant filed another motion to dismiss. The trial judge denied the motion, stating that he wanted to see whether State's evidence would support a submission of the case to the jury in light of *State v. Grainger,* 721 S.W.2d 237 (Mo.App. 1986).[2] The trial court overruled defendant's motion for judgment of acquittal at the close of State's case. Defendant renewed that motion at the close of all the evidence and again it was denied. The jury was unable to reach a verdict and the trial court declared a mistrial. On that same day, June 21, 1988, the trial judge entered the following order:

> Trial reconvened. Motion for Directed Judgment of Acquittal at the Close of the State's Case was heard and denied. Defendant presented no evidence. A Motion for Directed Judgment of Acquittal at the Close of All the Evidence was heard and denied. Instructions conference held. Cause submitted to the jury under Instructions at 11:50 A.M. Alternate juror discharged. Jury failed to reach a verdict and a mistrial was declared at 3:45 P.M. Jury list, instructions and memos are filed. Jury discharged.
>
> *Defendant's Motion to Dismiss Indictment heard and sustained on the basis of State v. Grainger, 721 S.W.2d 237 Mo.App.1986.* Defendant discharged. (Emphasis added).

 The threshold question presented is whether State has the right to appeal from the order of the trial court in this case.[3] The basic rule is that the State cannot appeal a judgment for the accused, whether it is upon a verdict of acquittal or upon the determination of a question of law, unless a right of appeal is unequivocally conferred by statute. *State v. Coor,* 740 S.W.2d 350, 352 (Mo.App.1987). A statute can permit an appeal only if the appeal does not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution which provides that no person shall twice be put in jeopardy for the same offense. The Missouri Constitution, Art. I, § 19, expresses the common law guarantee against double jeopardy.[4] *See State v. Shive,* 624 S.W.2d 136, 138 (Mo.App.1981). Unless jeopardy attaches, there can be no double jeopardy. *Id.*

The constitutional prohibition against double jeopardy is embodied in the State statutes. Section 547.210, RSMo (1986) permits an appeal by the State when an indictment or information is adjudged insufficient upon demurrer or exception, or when the judgment is arrested or set aside. Section 547.200.2, RSMo (1986) provides:

> The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in Section 547.210 and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant....

*Coor* held that the State's right to appeal was expanded because the phrase "in all other criminal cases...." was broad enough to encompass those cases in which

---

2. In *Grainger,* the defendant's conviction for stealing by deceit was reversed where the evidence proved that he received renewal of loans through false financial disclosures. We note that the *Grainger* case addressed the sufficiency of the evidence to establish guilt of stealing by deceit; it did not address the sufficiency of an indictment to plead that crime.

3. This issue was not raised by the parties. Since it goes to the jurisdiction of this court to consider the appeal, we raise it *sua sponte.*

4. The text of the Missouri Constitution reads in pertinent part: "nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury." The text of the federal version reads: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Although the terminology of the state version varies from the federal version, there is no real difference between the two expressions of that right. *State v. Richardson,* 460 S.W.2d 537, 538 (Mo. banc 1970). In any event, the Double Jeopardy Clause of the Fifth Amendment applies to the several states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). If there is a variance, a defendant is entitled to the more inclusive principle. *See City of Smithville v. Summers,* 690 S.W.2d 850, 853 n. 1 (Mo.App.1985).

an indictment was dismissed on matters outside the record unless the "possible outcome of [the] appeal [may] result in double jeopardy for the defendant."[5] *Coor,* 740 S.W.2d at 354.

█ To determine if the outcome of the appeal before us might result in double jeopardy, the dispositive question is the nature of the trial court's ruling. Here, the court professed to rule on defendant's motion to dismiss and sustained defendant's motion "on the basis of [*Grainger*]." Given the terse wording of the trial court's order and the record filed on appeal, the type of order entered is uncertain. The order of dismissal was either an appealable ruling on a pretrial motion brought under Rule 24.04(b) after the trial court declared a mistrial and before the retrial of defendant; or the order was tantamount to an unappealable ruling on a post-trial motion for judgment of acquittal brought under Rule 27.07(c) after the mistrial was declared. The label attached to a ruling by a trial judge is not determinative. *See United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1354–1355, 51 L.Ed.2d 642 (1977).[6] We look to the substance of the trial court's ruling, and not its form, to determine its precise nature.

█ In the instant case, we cannot say with assurance what the substance of the trial court's ruling is. Looking to the form of the court's order, the first possibility is that the trial court's order of dismissal was a ruling on a pretrial motion that the indictment was not sufficient to plead one or more elements of the crime charged. In ruling on the facial validity of the indictment, the facts before the trial court would be those contained in the indictment itself. Rule 24.04(b)2 provides that the failure of

the indictment to charge an offense may "be noticed by the court at any time during the pendency of the proceeding." If this was the substance of the trial court's ruling, then there would be no need to address the issue of whether this appeal subjects defendant to double jeopardy. Jeopardy did not attach when the indictment was dismissed and State has the right to retry defendant. *See United States v. Sanford,* 429 U.S. 14, 16, 97 S.Ct. 20, 31, 50 L.Ed.2d 17 (1976). This type of dismissal has been appealable by the State under § 547.210 since that statute's enactment. *See Coor,* 740 S.W.2d at 353.

█ The second possibility is that the trial court's order was a dismissal of the indictment on defendant's pretrial motion, but was based upon evidence extrinsic to the indictment. This type of ruling is appealable, if at all, under § 547.200.2. If the trial court considered matters extraneous to the indictment, this court would then have to determine, pursuant to § 547.200.2, if the appeal by State is barred because the possible outcome of the appeal would be contrary to the prohibition against double jeopardy. The general rule, as enunciated in *Coor,* is that a defendant may raise defenses or objections before trial which are capable of determination without the trial of the general issue. *Coor,* 740 S.W. 2d at 354; *see also* Rule 24.04(b)1. As long as the question of defendant's guilt was not determined by the trial court, jeopardy did not attach and the potential result of a subsequent appeal would not place defendant in double jeopardy. *See Coor,* 740 S.W.2d at 354 (citing *Serfass v. United States,* 420 U.S. 377, 391–392, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265, 267 (1975)).

---

**5.** Prior to the enactment of § 547.200.2, the State could not appeal from a dismissal of an insufficient indictment when the dismissal was based upon matters extraneous to the indictment. *See, e.g., State v. Willey,* 634 S.W.2d 593 (Mo.App.1982); *State v. Brooks,* 372 S.W.2d 83 (Mo.1963).

**6.** 18 U.S.C. § 3731 (1986), which is the federal statute relied upon in *Martin Linen Supply* and which is the federal counterpart of Missouri's

§ 547.200.2, uses language similar to § 547.200.2:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

The third possibility is that the trial court disposed of defendant's motion as if it were a post-trial motion brought under Rule 27.07(c). A ruling which constitutes a factual resolution in favor of defendant on one or more of the elements of the offense charged is the functional equivalent of a judgment of acquittal. *Martin Linen Supply*, 430 U.S. at 571, 97 S.Ct. at 1354. Here, several factors suggest that the court's order was more than just a dismissal of the indictment. Prior to trial, the judge stated that he wanted to hear the evidence to determine if the *Grainger* case was dispositive of defendant's case. The court then issued its order at the close of all the evidence and within the time frame for entry of a ruling on a Rule 27.07(c) motion. *See* Rule 29.11. The issue of whether the court's dismissal was tantamount to an acquittal is further muddled because, on appeal, State has submitted a transcript of the trial and both parties have argued facts which were adduced at the trial. If the trial court weighed the evidence brought out at trial and dismissed the case on the basis that the evidence was not sufficient to prove defendant guilty of the crime charged, then the trial court's ruling was in essence a judgment of acquittal. Jeopardy then attached and double jeopardy would bar this appeal.

Based upon the record before us, we are unable to ascertain the precise nature of the trial court's ruling. We remand with directions that the trial court (1) specify the basis for its ruling; (2) designate what record, if any, it considered in making its ruling; and (3) take any further action it deems necessary, consistent with this opinion.

REINHARD and CRIST, JJ., concur.