**STATE of Missouri, Plaintiff–Appellant,**

v.

**Glen P. SPARLIN,
Defendant–Respondent.**

No. 58042.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 11, 1990.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

John C. Weller, St. Louis, Michael J. Gorla, Clayton, for defendant-respondent.

KAROHL, Judge.

State attempts to appeal from the trial court's refusal to accept the state's verbal order to nolle prosequi the charge of driv-ing while intoxicated, § 577.010 RSMo 1986, after defendant filed a memorandum entering a plea of guilty. The court accept-ed the plea. Defendant filed a motion to dismiss the appeal alleging the state cannot appeal a judgment for defendant in a crimi-nal case except in limited circumstances not applicable to this appeal. We agree.

The parties appeared before the Circuit Court of Franklin County to argue a mo-tion to quash a subpoena. At this time defendant tendered a written plea of guilty to the charge of driving while intoxicated. Prosecutor responded by offering a verbal nolle prosequi. The court accepted the plea and sentenced defendant. The record indi-cates the court felt it had no choice but to accept the guilty plea. We need not decide this concern because no written nolle prose-qui was ever filed, nor was formal entry made in the record.

The issue on appeal is whether the state had the right to appeal from the order of the trial court. The state may appeal orders on judgments only in those criminal cases included in § 547.200.2 and § 547.210 RSMo 1986. *See State v. Reed,* 770 S.W.2d 517, 519 (Mo.App.1989). The state has the right to appeal where autho-rized by statute and under circumstances which do not offend constitutional double jeopardy prohibition. *Id.*

It is apparent the state cannot appeal if the trial court had jurisdiction to hear the case. The previously cited statutory provi-sions do not authorize an appeal by the state from a conviction following a guilty plea. Accordingly, we do not have jurisdic-tion.

The state does not argue verbal tender of a nolle prosequi suffices to with-draw jurisdiction from the trial court. If it were made this argument would fail be-cause a nolle prosequi is effective only upon formal entry on the record. *See Sim-mons v. State,* 782 S.W.2d 771, 773 (Mo. App.1989); *State v. Clark,* 711 S.W.2d 928, 934 (Mo.App.1986) (definition of a nolle pro-sequi). The record indicates the state did not make a formal entry of written nolle prosequi. Thus, the state's tender of a

verbal nolle prosequi did not withdraw jurisdiction from the trial court and prevent the court's acceptance of defendant's plea of guilty.

Appeal dismissed.

PUDLOWSKI, P.J., and GRIMM, J., concur.