STATE of Missouri, Plaintiff–Appellant,

v.

Jerome STEIN, Respondent–Respondent.

No. 64175.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 4, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 16, 1994.

Application to Transfer Denied
June 21, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

Irl B. Baris, St. Louis, for respondent-respondent.

CRANDALL, Presiding Judge.

The State of Missouri (State) appeals from the dismissal of an indictment charging the defendant, Jerome Stein, with three counts of stealing $150 or more by deceit and one count of passing a bad check over $150. The trial court dismissed the indictment on the grounds of double jeopardy, the statute of limitations, and defects in the indictment. We reverse and remand.

Defendant was charged by indictment in Cause No. 604500 on December 14, 1989, with three counts of stealing $150 or more by deceit between January 3, 1989, and November 28, 1989, and one count of passing a bad check over $150 on September 7, 1989. On July 12, 1991, the trial court held that the information that had been filed in lieu of that indictment was deficient and that it would dismiss the three stealing counts unless pro-

hibited by an extraordinary writ or unless a superceding information was filed. On August 30, 1991, the trial court dismissed two of the stealing counts. On June 1, 1992, the State entered an order of nolle prosequi on the count of passing a bad check. On October 1, 1992, the trial court dismissed the remaining count of stealing.

State filed a new indictment on the charges on January 14, 1993, in Cause No. 93CR–363. Defendant filed, inter alia, a motion to dismiss the new indictment and a hearing was held. The trial court took judicial notice of the file in Cause No. 604500; and on June 3, 1993, dismissed the new indictment with prejudice and ordered defendant discharged.

■ State first contends that the trial court erred in dismissing the stealing counts in the indictment based on double jeopardy. The State cannot appeal a judgment for the accused, whether it is upon a verdict of acquittal or upon a determination of a question of law, unless a right of appeal is unequivocally conferred by statute. *State v. Reed,* 770 S.W.2d 517, 519 (Mo.App.1989), *appeal after remand,* 815 S.W.2d 474 (Mo.App.E.D. 1991). A statute can permit an appeal only if the appeal does not violate the United States and Missouri Constitutional prohibition against double jeopardy. U.S. Const. amend. V; Mo. Const. art. I, § 19. Unless jeopardy attaches, there can be no double jeopardy. *Reed,* 770 S.W.2d at 519.

■ The constitutional prohibition against double jeopardy is embodied in the State statutes. Section 547.210 RSMo 1986, permits an appeal by the State when an indictment or information is adjudged insufficient. Section 547.200.2 RSMo 1986 provides:

> The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in 547.210 and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant....

In *State v. Coor,* 740 S.W.2d 350, 352 (Mo. App.1987), the court held that the State's right to appeal was expanded because the phrase, "in all other criminal cases...." was broad enough to encompass those cases in which an indictment was dismissed on matters outside the record unless the, "possible outcome of [the] appeal [may] result in double jeopardy for the defendant." *Id.* at 354. Therefore the State has the right to appeal in this case unless defendant would be placed in double jeopardy for the same offenses.

■ Generally, in a jury trial, jeopardy attaches when the jury is impaneled and sworn; in a court-tried case, jeopardy attaches upon the introduction of evidence. *State v. Jarvis,* 809 S.W.2d 460, 461 (Mo.App. 1991). Jeopardy does not attach when an indictment is dismissed and defendant is subject to retrial. *Reed,* 770 S.W.2d at 520. As long as the issue of defendant's guilt [or innocence] is not determined by the trial court, jeopardy does not attach and defendant could not be placed in double jeopardy as a result of a subsequent appeal by the State. *Id.*

Here, the trial court dismissed the stealing counts in Cause No. 604500 because of a perceived deficiency in the pleading; specifically for failure to allege facts constituting "deceit." At that time the State had the option to attempt to appeal the trial court's ruling or to file another information or indictment. *See* § 547.210. The State chose to reindict defendant, albeit not by the date specified in the trial court's ruling. The trial court's dismissal of the stealing counts was not an adjudication of defendant's guilt and therefore jeopardy never attached.

The trial court's characterization of its earlier dismissal in Cause No. 604500 as being "with prejudice" when it dismissed the present indictment was erroneous for the reasons stated above. In addition, the trial court recognized the State's right to file a superseding indictment and therefore the dismissal could not have been with prejudice.[1] The trial court erred in dismissing the steal-

---

1. The trial court ruled that, "unless prohibited by extraordinary writ or there is [a] *superseding indictment* filed, by August 30, 1991, the Court will sustain defendant's motion...." [emphasis added].

ing counts in the indictment based upon double jeopardy. State's first point is granted.

■ State next contends that the trial court erred in dismissing the stealing counts, based on the statute of limitations. There is a three year statute of limitations for stealing. § 556.036, RSMo 1986. The present indictment was filed more than three years after the dates alleged for the stealing offenses. Section 556.036.6(3) provides that the statute of limitations does not run "[d]uring any time when a prosecution is pending in this state."

Assuming without deciding that the information in Cause No. 604500 was defective, it was still sufficient to toll the statute of limitations. Even if the information was defective, it was sufficient to inform the defendant of the crimes charged. The trial court still had subject matter jurisdiction over the offenses and personal jurisdiction over the defendant. *See State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992). Even if the charging instrument was so defective as to require dismissal, it remained effective for purposes of tolling the statute of limitations. *State ex rel. Wickline v. Casteel*, 729 S.W.2d 56, 59 (Mo.App.1987). The State therefore was within the three year statute of limitations. State's second point is granted.

■ The State's final contention is that the trial court erred in finding that the allegations in the indictment were insufficient to allege the essential elements of stealing and passing a bad check.

■ The purpose of an indictment or information is to inform the accused of charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in the event of acquittal. *State v. O'Connell*, 726 S.W.2d 742, 746 (Mo. banc 1987). The test for sufficiency of an indictment or information is whether it contains all of the elements of the offense and clearly apprises defendant of the facts constituting the charged offense. *Id.*

Defendant claims that the indictment as to the three counts of stealing lacked the essential element of "deceit" as defined in § 570.010(6) RSMo 1986. When a defendant is charged with stealing by deceit under § 570.-

030 RSMo 1986, application of the statutory definition of deceit as defined in § 570.010(6) RSMo 1986, informs the defendant that he is specifically charged with "purposely making a representation which is false and which the actor does not believe is true upon which the victim relies, as to a matter of fact, law, value, intention or other state of mind." *O'Connell*, 726 S.W.2d at 746–47. A requirement that the indictment or information specifically allege all of the elements of deceit when those elements are already specified by statute is redundant. *Id.* at 747. "By reference to § 570.010(6), a defendant charged with stealing by deceit under § 570.030 is sufficiently notified of the particulars of the offense to enable him to prepare an adequate defense and to plead former jeopardy in the case of an acquittal." *Id.* In the instant case, the indictment made reference to § 570.010(6) which sufficiently notified defendant of the particulars of the offense. The relevant portion of the indictment reads:

> ... Jerome Stein appropriated such property from Isadore and Bernice Fendelman and with the purpose to deprive them thereof *by deceit,* to-wit: in that Jerome Stein made *a material misrepresentation* to victims, to-wit: Jerome Stein *purposely made a false representation* to Isadore and Bernice Fendelman that he would make investments for them, *which representation Jerome Stein did not believe to be true, and upon which Isadore and Bernice Fendelman relied in giving Jerome Stein U.S. currency in excess of $150.* [emphasis added].

■ Defendant also claims that the indictment as to the one count of passing a bad check lacked the essential elements of § 570.120 RSMo Cum.Supp.1992. The relevant portion of the indictment reads:

> That Jerome Stein, in violation of Section 570.120, RSMo, committed the Class D felony of passing bad checks, punishable upon conviction under Sections 558.011.1(4) and 560.011, RSMo, in that on or about Thursday, September 7, 1989, at approximately 7:00 p.m. at 111 Westport Plaza, in the County of St. Louis, State of Missouri, Jerome Stein, with the purpose to defraud, issued and/or passed a check in the amount

of $11,600.00 drawn upon Commerce Bank, dated September 7, 1989, payable to Isadore Fendelman, knowing that it would not be paid.

The indictment was patterned from MACH–CR 24.30.1. On January 1, 1979, MACH–CR 24.30.1 was approved by the Missouri Supreme Court as a pattern information for the offense of passing a bad check as defined by § 570.120, RSMo 1986. An indictment or information which is substantially consistent with a patterned charge approved by the Supreme Court is deemed to comply with Rule 23.01(b). *Wilson v. State*, 755 S.W.2d 324, 326 (Mo.App.1988). We find that the indictment in this case was sufficient. State's final point is granted.

The trial court's dismissal of the indictment herein is reversed and the cause is remanded for trial.[2]

REINHARD, and CRIST, JJ., concur.

2. Defendant's motion to dismiss the State's appeal is denied.