STATE of Missouri, Appellant,

v.

Belinda MORTON, Respondent.

No. 72703.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for appellant.

Belinda Morton, St. Louis, pro se.

SIMON, Judge.

State of Missouri appeals from a judgment entered on an order dismissing with prejudice one count of stealing a motor vehicle, Section 570.030, RSMo 1994 (All future references are to RSMo 1994 unless otherwise noted), against Belinda Morton, defendant.

State's only point on appeal is that the trial court erred when it dismissed with prejudice the charge of stealing a motor vehicle against defendant based on an insufficient factual basis, because that remedy was improper in that the trial court should have only rejected the plea and allowed further proceedings. We reverse and remand.

The facts are not in dispute. Defendant was charged by indictment with one count of stealing a motor vehicle in violation of Section 570.030. The record reflects that on June 12, 1997, defendant changed her plea to guilty. The trial court questioned defendant extensively pursuant to Rule 24.02(b) and (c). She acknowledged that she understood and wished to plead guilty.

The prosecutor stated that if the case were to go to trial, the state, using available witnesses and competent evidence, would prove beyond a reasonable doubt that sometime between July 29, 1996 and August 10, 1996, at 4556 Labadie in the City of St. Louis, defendant appropriated a 1989 Cadillac DeVille owned by Frank Hines, victim, without his consent and with the purpose of depriving him of the car which was subsequently recovered by county police. The prosecutor stated that it was a Class C felony and that defendant would face up to seven years in the Missouri Department of Corrections and a possible fine. The prosecutor made an open recommendation and noted that victim requested $450.00 in restitution if defendant was granted probation.

Pursuant to questioning by the trial judge, defendant acknowledged that there was no agreement as to what her sentence would be, that she could be assessed the maximum penalty of seven years, and he asked her if she still wished to proceed. Further, defendant stated that she was not coerced into pleading guilty or lying, she understood everything the judge was saying and she wished to proceed. Defendant's attorney agreed that defendant understood the nature of the charges against her.

Subsequently, the trial judge concluded:

Based on the foregoing I find there is a factual basis for the plea. I find the defendant guilty beyond a reasonable doubt of the crime charged against her for stealing a motor vehicle based upon her admissions thereto. I find the defendant understands the charge against her, the consequences of her plea and her rights to a jury and non-jury trial that she's now giving up.

I find this defendant, therefore, has knowingly, intelligently and voluntarily entered her plea of guilty, that is based not only upon her answers to the Court but upon her demeanor in responding to the Court's questions, looking the Court in the eye at all times while answering each question and answering each question without equivocation, hesitation or reservation. I therefore accept this defendant's plea of guilty. . . .

Later, defense counsel asked the judge to consider the circumstances and grant defendant six months unsupervised probation with restitution to be paid during that time. The judge then asked defendant to explain the circumstances. Defendant stated she dated Hughes, he gave her the car to use, she went out with some of her girlfriends, didn't bring the car back, and got scared because she had heard that he was going to do something to her. She abandoned the car in a school parking lot and the county picked it up. Hughes did not have a phone and defendant made no attempt to notify him because she was afraid he was going to beat her up.

In response, the prosecutor explained that Hughes allowed defendant to use the car to take his children to school, defendant knew to bring the car back immediately and she never returned it. The trial judge asked the prosecutor how long the car was left in the school yard before it was recovered and the

prosecutor responded that it was longer than ten days before the car was recovered.

The trial judge concluded:

[T]he charge is that the defendant appropriated the motor vehicle owned by—a motor vehicle owned by Frank Hines and appropriated such property without the consent of Frank Hines and with the purpose to deprive Frank Hines thereof. The State has admitted the appropriation occurred with consent and the facts and circumstances as admitted by the State negate the purpose to deprive. The Court hereby dismisses this cause with prejudice. Sorry, it's the order and judgment.

On July 10, 1997, the trial judge entered a memorandum in support of his order which stated in pertinent part:

This Court determined, assuming the truthfulness of the State's evidence, that the evidence did not form a factual basis for the plea and would not constitute sufficient proof of the crime as charged. The Court *sua sponte* dismissed the charge with prejudice on the grounds that the State did not have sufficient evidence from which a jury could reasonably find that the defendant committed the crime as charged beyond a reasonable doubt.

The State admitted that the car was given to the defendant by the owner voluntarily, and that the defendant had permission to operate the vehicle. The State's proposed evidence also could not show an intent to deprive the owner of the vehicle, as the State admits the car was left parked, undamaged, on a lot and was towed. The victim, the former paramour of the defendant, did have to pay towing and storage fees to recover his vehicle.

The statute under which the defendant was charged requires proof from which a jury can conclude that the defendant, *beyond a reasonable doubt,* took the allege[d] victim's car *without permission* and intended to deprive the owner of the vehicle. The State's admission of its evidence negated the lack of permission and the facts do not show sufficient evidence of an intent to deprive the owner. If a crime has occurred, it is not the one charged.

The State argued that the facts support a finding that the defendant obtained permission by deceit and deprived by concealment. However, the State admitted that the victim gave permission for temporary use and that the defendant at *worse, abandoned* the vehicle in an open public place where it was easily discovered. The State argues for a broad interpretation of the criminal statute involved in order to include the facts of the present case. This would be improper and abuse of this Court's discretion.

It is clearly established that a criminal statute must be *narrowly* interpreted so as not to reasonably include conduct not clearly within the plain meaning of the statute. This Court found, as a necessary prerequisite to dismissal, that the evidence available to the state could not, as a matter of law, rise to the level of proof *beyond a reasonable doubt* of the crime as charged without giving the criminal statute a *broad* interpretation that finds a meaning to "purpose," "consent" and "deprive" not within the plain meaning of the statute.

A trial Court may *sua sponte* dismiss a criminal action with or without prejudice upon a finding that the State's available evidence viewed in a light most favorable to the State cannot prove beyond a reasonable doubt all the elements of the crime charged. This Court was not bound to accept a guilty plea without a sufficient factual basis, nor was it bound to passively allow a criminal trial of charges that could not be sufficiently proven. Therefore, this Court entered its order dismissing this case with prejudice on grounds that there was no factual basis for the plea and that the evidence as suggested by the State, if true, would not rise to proof sufficient to a reasonable finding that the defendant is guilty beyond a reasonable doubt of the crime as charged.

On appeal, state essentially contends that the trial court did not have authority to dismiss the charge with prejudice after finding a factual basis for the plea, and argues that the trial court should have either rejected defendant's plea and allowed for further proceedings in the matter or allowed the case

to proceed to trial rather than dismissing the cause with prejudice.

■ The threshold question is our jurisdiction, i.e. may the state appeal from a dismissal with prejudice by the trial court. The basic rule is that the state cannot appeal a judgment for the accused, whether it is upon a verdict of acquittal or upon the determination of a question of law, unless a right of appeal is unequivocally conferred by statute. *State v. Reed,* 770 S.W.2d 517, 519 (Mo.App. E.D.1989). A statute may permit an appeal only if the appeal does not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution which provides that no person shall twice be put in jeopardy for the same offense. *Id.* The Missouri Constitution, Article I, Section 19, expresses the common law guarantee against double jeopardy. *Id.* Unless jeopardy attaches, there can be no double jeopardy. *Id.*

The constitutional prohibition against double jeopardy is embodied in Section 547.210, which permits an appeal by the state when an indictment or information is adjudged insufficient upon demurrer or exception, or when the judgment is arrested or set aside. Further, Section 547.200.2 provides:

> The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in 547.210 and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant. . . .

In *State v. Stein,* 876 S.W.2d 623 (Mo.App. 1994), we held that the state's right to appeal was expanded because the phrase "in all other criminal cases . . . . " was broad enough to encompass those cases in which an indictment was dismissed on matters outside the record unless the "possible outcome of [the] appeal [may] result in double jeopardy for the defendant." *Id.* at 625. Therefore, the state has the right to appeal unless defendant would be placed in double jeopardy.

■ Jeopardy means exposure to danger and it was a principle of the common law that a man should not be brought into danger of his life or limb for one and the same

offense more than once. *State v. Glover,* 500 S.W.2d 271, 273 (Mo.App.1973). Generally, in a jury trial, jeopardy attaches when the jury is impaneled and sworn; in a court-tried case, jeopardy attaches upon the introduction of evidence. *State v. Stein,* 876 S.W.2d at 625. For purposes of a plea of guilty, we may assume that jeopardy attaches when a defendant is sentenced on that plea. *Jones v. State,* 771 S.W.2d 349, 351 (Mo.App.1989). In pre-trial proceedings, jeopardy does not attach when an indictment [or information] is dismissed so long as the dismissal was not an adjudication of defendant's guilt or innocence based on extrinsic evidence outside the indictment or information such as stipulated facts or evidentiary facts submitted to the court for its review. See generally *Reed,* 770 S.W.2d at 518–521; see also *State v. Coor,* 740 S.W.2d 350, 354 (Mo.App.1987) and *Serfass v. United States,* 420 U.S. 377, 391–392, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265, 267 (1975).

■ Here, there was no trial and except for defendant's response to the trial judge's questions, no evidentiary or stipulated facts, were submitted to the trial court. Following an examination of the defendant pursuant to Rule 24.02(b) and (c), the trial judge: (1) found there was a factual basis for the plea; (2) found defendant understood the charges against her, the consequences of her plea and her right to a jury or non-jury trial that she was giving up; (3) found she knowingly, intelligently and voluntarily entered her plea of guilty based on her answer and her demeanor in responding to the court's questions; and (4) accepted the defendant's guilty plea, finding she was guilty beyond a reasonable doubt of the crime charged against her. While in the sentencing phase, the trial judge questioned defendant and the prosecutor concerning the circumstances of the crime. Based on information given by defendant and the prosecutor, the trial judge found defendant had the owner's consent to use the automobile which negated the purpose to deprive victim of the car, a necessary element of the crime charged, and dismissed the charge with prejudice. The trial court's dismissal with prejudice of the charge of stealing a motor vehicle against defendant did not

constitute jeopardy because in a guilty plea proceeding, jeopardy does not attach until the defendant is sentenced. *Jones v. State,* 771 S.W.2d at 351 (Mo.App.1989). Since defendant was not sentenced, jeopardy never attached. Therefore, the state may appeal.

■ As to state's point on appeal, the propriety of the dismissal with prejudice is a matter to be resolved by an examination of the plea hearing. *Hoskin v. State,* 863 S.W.2d 637, 639 (Mo.App.1993). An evidentiary hearing is not necessary to determine whether the record contains a factual basis for each guilty plea as required by Rule 24.02(e). *Id.*

■ A guilty plea cannot be accepted unless a factual basis for the plea is established; if the facts stated to the court at a guilty plea proceeding do not establish the commission of a crime, the offered plea should be rejected. Rule 24.02(e); *Jones v. State,* 758 S.W.2d 153, 154 (Mo.App.1988). It is not necessary for the defendant to admit or recite facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists. *Id.* A factual basis is established if the defendant understands the facts recited by the judge or the prosecutor. *Id.* A prosecutor's statement that he is prepared to prove facts which would constitute the crime to which defendant is pleading guilty is sufficient. *Baker v. State,* 875 S.W.2d 618, 620 (Mo.App.1994).

■ The trial court has no jurisdiction to dismiss an indictment or information. *State ex rel. Griffin v. Smith,* 363 Mo. 1235, 258 S.W.2d 590, 593–594 (1953). Only the prosecutor possesses the power to voluntarily dismiss or nolle prosequi a felony charge. *State v. Reichenbacher,* 673 S.W.2d 837, 838 [4, 5] (Mo.App.1984). All of the pertinent case authority in our jurisdiction and our review of several other jurisdictions suggests that the trial judge should have rejected the plea of guilty and allowed for further proceedings. See generally *State ex rel. Griffin,* 258 S.W.2d at 593–594; *Murphy v. State,* 866 S.W.2d 895, 896[5] (Mo.App.1993); *People v. Hancasky,* 101 N.E.2d 575, 579[4] (Ill.1951); *Richardson v. State,* 164 Tex.Crim. 500, 300 S.W.2d 83, 84 (1957); *Van Leer–Greenberg,*

*on behalf of Morris v. R. Massaro,* 87 N.Y.2d 996, 642 N.Y.S.2d 618, 665 N.E.2d 188, 189 (1996). Accordingly, the judgment of the trial court is reversed and is remanded for proceedings in accordance with this opinion.

REVERSED AND REMANDED.

ROBERT G. DOWD, Jr., P.J., and HOFF, J., concur.